IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KATRINA TEAGUE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18cv583-WKW-GMB |
| | ) | [wo] |
| BEAUTY & MORE, INC. and | ) | |
| BEAUTY & BEYOND, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the United States Magistrate Judge for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. Doc. 5.  Plaintiff Katrina Teague filed this lawsuit *pro se* on June 15, 2018 and filed an amended complaint with an attorney on August 16, 2018. Doc. 9. The defendants filed a motion to dismiss for lack of jurisdiction on September 10, 2018. Doc. 13.  The defendants subsequently sought, with no opposition from the plaintiff, to withdraw their motion.  This court noted that it has an independent obligation to ensure that it has subject-matter jurisdiction and ordered jurisdictional discovery. Doc. 19.  Now before the court is the motion to dismiss filed by the defendants. Doc. 13.  After careful consideration of the parties' submissions and the applicable law, the undersigned RECOMMENDS that the motion to dismiss (Doc. 13) be DENIED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The following is a recitation of the jurisdictional facts.

Teague brings claims in this case pursuant to Title VII of the Civil Rights Act of 1964.  She alleges that she was an employee of Beauty & More, Inc. and Beauty & Beyond, Inc.  She further alleges in the Amended Complaint that these entities are an "employer" within the meaning of Title VII.  She claims that the defendants are joint employers and/or an integrated enterprise.

After jurisdictional discovery, including responses to request for admissions and a deposition, Teague presented evidence that there are five locations of Beauty & Beyond in Montgomery owned by four separate corporate entities.  Beauty & More, Inc. owns a location on West Fairview and Capital Trading, Inc. owns a Norman Bridge Road location.  Doc. 20-2 at p. 16–17.  Beauty Capital owns an East South Boulevard and an Eastern Boulevard location.  Beauty Depot, Inc. owns an Atlanta Highway location. Doc. 20-2 at 17.

Ashfar Hijaz and Zaher Abdelaziz each own a 50% interest in Beauty & More, Capital Trading, and Beauty Capital. Doc. 20-2 at 15-18.  They also own a 40% interest in Beauty Depot, while Abdel Yaddas owns the remaining 20%. Doc. 20-2 at 17.  Hijaz visits the six locations on a daily basis. Doc. 20-1 at ¶ 6.  Hijaz has authority over the store managers and the ability to overrule any personnel decisions made by the store managers.  Doc. 20-1 at ¶ 7 & ¶ 15.  The Montgomery locations of Beauty and Beyond share vendors and contractors. Doc. 20-1 at ¶ 12.  They also have centralized human resource functions,

common management, common payroll, and accounting. Doc. 20-1 ¶ 16, ¶ 17 & ¶ 31. Teague worked at multiple locations of Beauty and More. Docs. 20-1 ¶ 8 & 20-2 at 27:15–18.

In response to the request for admissions, the Defendants admitted that there are more than fifteen employees who work twenty calendar weeks in the year if the three individual entities doing business as Beauty & Beyond are aggregated. Doc. 20-1 at 9.  In his deposition, Hijaz testified that there are more than fifteen employees who worked twenty calendar weeks if the three Beauty & Beyond entities where Teague worked are aggregated. Doc. 20-2 at 47:2–9.

## II.  STANDARD OF REVIEW

A Rule 12(b)(1) motion challenges the district court's subject-matter jurisdiction and takes one of two forms: a facial attack or a factual attack.  A facial attack on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject-matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  A factual attack, on the other hand, challenges the existence of subject-matter jurisdiction based on matters outside the pleadings. *Lawrence*, 919 F.2d at 1529.  Under a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991).  The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

## III.  DISCUSSION

Title VII Section 701(b) defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).

Where "two ostensibly separate entities are highly integrated with respect to ownership and operations, we may count them together under Title VII [under the] 'single employer' or 'integrated enterprise' test." *Peppers v. Cobb Cty., Ga.*, 835 F.3d 1289, 1298 (11th Cir. 2016).  To satisfy this test, the entities must have (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1341 (11th Cir. 1999).  "The second factor—whether there is centralized control of labor relations—is usually accorded greater weight than the others." *Thornton v. Mercantile Stores Co.*, 13 F. Supp. 2d 1282, 1291 (M.D. Ala. 1998).

This parties have presented evidence that the entities at issue have centralized human resource functions and share vendors, contractors, payroll, and accounting companies. Doc. 20-1 at ¶ 12, 16 & 31.  Store managers also swap employees in the short-term and long-term. Doc. 20-2 at 24:12–16.  This evidence is consistent with evidence in other cases in which there was a finding of interrelations of operations. *See Thornton*, 13 F. Supp. 2d at 1292 (detailing extensive findings including evidence of sharing vendor, banking, and budget resources).  Teague also presents evidence that Hijaz hires and assigns

4

each Store Manager and that those managers report to him. Doc. 20-2 at 28:2–7.  And Hijaz can overrule any decision by a Store Manager on personnel issuers. Doc. 20-1 at ¶ 7.  This evidence demonstrates control over labor relations. *Thornton*, 13 F. Supp. 2d at 1293–94. As to common ownership, Hijaz and Abdelaziz each own a 50% interest in Beauty & More, Capital Trading, and Beauty Capital. Doc. 20-2 at 15–18.  They also own a 40% interest in Beauty Depot, and Abdel Yaddas owns the remaining 20%. Doc. 20-2 at 17.  As to the factor of common management, Beauty Depot, Inc. has two stores that have the same corporate officers and directors; Capital Trading, Inc. and Beauty & More, Inc. have the same corporate officers and directors; and Beauty Capital, Inc. has two stores with the same corporate officers and directors. Doc. 20-1 at ¶ 22.  The factor of common management therefore weighs in favor of a finding of a single employer. *See McCulley v. Allstates Tech. Servs.*, 2005 WL 1475314, at *28 (S.D. Ala. June 21, 2005) (stating that the common management factor generally turns on whether there are common directors and officers for both entities).  Additionally, Teague has presented evidence that there are more than fifteen employees who worked twenty calendar weeks at the Beauty and Beyond locations. Doc. 20-2 at 47:2–9.  In response to Teague's brief and evidence, the defendants admit that Teague has accurately represented in her brief the facts gleaned from jurisdictional discovery. Doc. 23 at 2.

Based on the parties' submissions, the court concludes that Teague has presented sufficient evidence to demonstrate that she was employed by an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b), and that this court has subject-matter

jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that the motion to dismiss (Doc. 13) be DENIED.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation **not later than January 24, 2019.**  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 10th day of January, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE